IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANCELOT LAPAHIE,<br><br>Defendant. | No. 12-CR-0826-MV |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Lancelot Lapahie's Jurisdictional Challenge Pursuant to *U.S. v. Burch*, 169 F. 3d 666 (1999) [Doc. 38] and uncaptioned request for his "legal papers" [Doc. 40]. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that the Motions are not well-taken and will be **DENIED.**

## BACKGROUND

Defendant Lancelot Lapahie was charged by a federal grand jury on February 10, 2012 with "two counts of Assault with a Dangerous Weapon, one count of Assault Resulting in Serious Bodily Injury, one count of Abandonment or Abuse of a Child, and one count of Possession of a Firearm which is not Registered in the National Firearm Registration and Transfer Record." Doc. 39 at 1. Later that year, on November 8, 2012, Lapahie entered into a plea agreement with federal

1

prosecutors pursuant to which he entered a plea of guilty to "Counts 2, 3, and 5, of the Indictment, charging Assault Resulting in Serious Bodily Injury in Indian Country, Assault with a Dangerous Weapon in Indian Country, and Possession of an Unregistered Firearm." *Id.* at 1-2. *See also* Doc. 28. On May 7, 2013, this Court sentenced Defendant to a term of fifty (50) months in prison. *See generally* Doc. 34. On December 31, 2014, Defendant filed the instant "jurisdictional challenge" to his incarceration with this Court.

## DISCUSSION

### I. Defendant's Jurisdictional Challenge

The Court interprets Defendant's "jurisdictional challenge" as a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.") (internal quotation marks omitted). Broadly stated, Lapahie argues that his conviction must be reversed because the crime of "Possession of an Unregistered Firearm" is not listed in the Indian Major Crimes Act and, in the alternative, that he is immunized by the "1868 Tribal Treaty" concerning Native American hunting rights. *See* Doc. 38 at 1-2. Defendant's claim must fail for three independent reasons.

First, Defendant did not raise this argument either before the trial court or on direct appeal and is thus procedurally barred from pursuing this avenue on

collateral review.  The Court entered judgment on May 28, 2013.  *See generally* Doc. 37.  Defendant took no appeal and filed nothing in this case until December 31, 2014 when he initiated the instant jurisdictional challenge.  Consequently, Defendant is now barred from pursuing this argument via § 2255.  *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) ("When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.") (internal quotation marks omitted).  The Court would reach a different result if Defendant's challenge genuinely ran to the subject matter jurisdiction of this Court, which, of course, can never be waived, but, as the Tenth Circuit has explained "in every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 323 ... [t]hat's the beginning and the end of the jurisdictional inquiry." *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011).  Put differently, Lapahie's motion, properly understood, raises an ordinary challenge to the ambit of the statute, rather than a true issue with the subject matter jurisdiction of the Court, and, therefore, must have first been raised on direct appeal to be cognizable in a § 2255 motion.

Second, the National Firearms Act, under which Lapahie was prosecuted and convicted, is a federal law that applies across the entire United States, including Indian Country.  It appears that Defendant labors under the misapprehension that the only federal crimes of which he can be convicted are those expressly enumerated in the Indian Major Crimes Act.  This is not the case.  Subject to exceptions not relevant here, a "general statute in terms applying to all persons includes Indians." *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1462 (10th Cir. 1989) (internal quotation marks omitted).  *See also United States v. Fox*, 573 F.3d 1050, (10th Cir. 2009) ("When a federal law of general applicability is silent on the issue of applicability to Indian tribes, we have explained that it applies equally to Indians unless" one of three exceptions is met).  Thus, the National Firearms Act plainly operates in Indian Country and applies to Lapahie; there is no basis to suggest otherwise.

Third, the "1868 Treaty Between the United States of America and the Navajo Tribe of Indians" did not bar federal prosecution in this case and does not now bar Defendant's continued confinement.  As the government explains, *United States v. Fox*, cited by the Defendant, undoes his argument.  There, the panel explained that the mere fact that a generally applicable firearms law might incidentally interfere with a member of the Navajo Nation's ability to hunt, does not mean that the treaty forbids the statute's operation in Indian Country.  *See Fox*, 573 F.3d at 1055.  So it is here.  There is nothing about the Treaty's guarantee to

4

hunting rights that facially conflicts with the demands of firearm registration; to read the law otherwise would, as the Tenth Circuit reasoned, render virtually all federal law a nullity on tribal land. *See id.* ("surely is not the case that Navajos are immune from prosecution for fraud, drug offenses, antitrust violations, insider trading, or any other number of federal crimes by virtue of the fact that the United States guaranteed hunting rights to their tribe."). The Court is therefore compelled to deny Defendant's jurisdictional challenge.

II.   **Defendant's Uncaptioned Request for "Legal Papers"**

On April 13, 2015 this Court received a handwritten letter from Lapahie, stating that "I am in need of my legal Papers [sic]" and that he was "requesting for my all my [sic] discovery in that case" as well as "my discovery for another charge" for which he does "not have the case number" in addition to his Presentence Report. Doc. 40 at 1. Unfortunately, not only does the Court generally not participate in the exchange of discovery, but also it is unaware of any right to inspect materials after trial has concluded, the time to appeal has expired, and Defendant has exhausted his right to attack collaterally his conviction. That is, not only is the Court's obligation to provide these materials dubious at best, but also, there is no conceivable procedural end to which they may now be dedicated. Unless the Court is confronted with apposite authority demanding such post-litigation disclosures, the Court will not impose such a burden on the parties.

5

## CONCLUSION

Neither Lapahie's "jurisdictional challenge" nor his request for legal materials is meritorious.

**IT IS THEREFORE ORDERED** Defendant Lancelot Lapahie's Jurisdictional Challenge Pursuant to *U.S. v. Burch*, 169 F. 3d 666 (1999) [Doc. 38] and uncaptioned request for his "legal papers" [Doc. 40] are **DENIED**.

Dated this 1st day of October, 2015.

                              _____
                              **MARTHA VÁZQUEZ**
                              UNITED STATES DISTRICT JUDGE